Robert Boochever, of Faulkner, Banfield & Boochever, Juneau, Alaska, for defendant.

**KLEIN v. CITY OF JUNEAU.**

No. 6759–A.

District Court, Alaska.
First Division, Juneau.

May 22, 1953.

FOLTA, District Judge.

The plaintiff seeks to recover damages for negligence in the installation and maintenance of a hydrant on Third and Gold Streets, as a part of the fire-fighting system of the defendant City.

On January 28, 1951, the hydrant was struck by a car, causing a break in the valve several feet below the pavement from which there escaped a jet of water under high pressure. Being unable to force its way through the pavement and the sur-

192

rounding frozen ground, it finally broke through the surface immediately adjacent to the plaintiff's apartment building where the ground was not frozen because of the radiation of heat from the wall of the building, and flooded the building.

The Court takes judicial notice of the fact that the streets of Juneau, including Gold Street, are unusually narrow. The hydrant was installed at a point about 18 inches from the curb thereby reducing the width of a street already too narrow and rendering the space between the hydrant and the curb quite useless to anyone. It also appears that within a few feet of the hydrant, a utility pole was placed at approximately the same distance from the curb, and that to traffic approaching from a certain direction, when visibility was poor, the hydrant and pole would appear to blend, in consequence of which the impression would be created that the pole some distance beyond the hydrant was the only obstruction to traffic. In these circumstances, particularly when the street was icy, a collision between cars and the hydrant and ensuing damage from water were foreseeable.

It would serve no useful purpose to discuss the authorities for and against the liability of municipalities for negligence in performing governmental functions. In the absence of binding precedent, I am inclined to the minority view, and hence I find that it was negligence in view of the conditions stated to install the hydrant so far from the curb and conclude that the plaintiff should recover damages in the sum of $340.

This necessarily implies a finding adverse to the defendant's contention that the plaintiff is estopped by his failure to notify the defendant of the condition of the street by reason of the location of the hydrant. The very statement of this contention is sufficient to refute it since the doctrine is not applicable to the installation or location of a fixed object, such as a hydrant.

Judgment may be presented in accordance herewith.